IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH BALES, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| WOODALL & BROOME, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Sarah Bales (hereinafter "Plaintiff"), by and through the undersigned counsel, and files this lawsuit against Defendant Woodall & Broome, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4) and 29 U.S.C. § 216(b).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 4462 Bretton Court, N.W., Suite 1, Acworth, Georgia 30101.

5.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. PARTIES

6.

Plaintiff is now, and at all times relevant hereto, was a resident of the State of Georgia.

7.

Defendant is an investigative services company providing "a wide array of investigative, security consultant and management services to corporate and insurance related clientele." (https://www.woodallandbroome.com/blog/)

8.

Defendant can be served with process via its Registered Agent, Mr. Scott Kimbrough, at 49 Green Street, Marietta, Georgia 30060.

9.

Plaintiff worked for the Defendant from approximately December 3, 1998 through December 10, 2015 (hereinafter collectively referred to as the "relevant time period").

10.

Defendant hired Plaintiff to be an Administrative Assistant.

11.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

12.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

13.

Defendant employed the named Plaintiff during the relevant time period.

14.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

15.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

16.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV.  FACTS

18.

Plaintiff worked for the Defendant within the past three (3) years.

19.

Defendant misclassified Plaintiff as an exempt employee.

20.

Plaintiff was responsible for assisting with all administrative and logistical needs of her supervisor, Mr. Scott Woodall.

21.

Plaintiff did not have independent discretion or decision-making authority as to any business related decisions; all of Plaintiff's actions and job duties were undertaken at the explicit direction of her supervisor, or otherwise required approval from the same.

22.

Plaintiff was not responsible for hiring, firing, or reviewing Defendant's employees.

23.

Plaintiff did not have the authority to hire, fire, or review employees, nor was Plaintiff given the authority to exercise disciplinary measures for any employees.

24.

Plaintiff did not exercise her independent discretion in any of the duties and tasks she performed while employed by Defendant.

25.

Plaintiff worked a minimum of fifty (50) hours per week during her employment with Defendant.

26.

During her employment, Plaintiff was paid on a salary basis, and was never provided compensation for the hours she worked over forty (40) per week.

27.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207, on the occasions that Plaintiff worked over forty (40) hours in a workweek.

28.

In fact, Plaintiff regularly worked in excess of ten (10) hours of overtime each week of her employment, and was not compensated for any of the overtime worked.

29.

When Plaintiff inquired about being required to work so many hours without appropriate compensation, Mr. Woodall told Plaintiff that he does not pay overtime to anyone, and that no state agency can make him.

30.

When Plaintiff again asked for overtime compensation, Mr. Woodall replied: "With your age and the way you look and with your health issues, you could not find anyone that would pay you what I do, and you need to be content with that."

31.

In addition, after almost twenty (20) years of service to Defendant, Defendant unlawfully retaliated against Plaintiff and terminated her employment on approximately December 10, 2015, alleging that Plaintiff was insubordinate in submitting her requests for overtime compensation.

## V.  CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

32.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

34.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

35.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

36.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

37.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

38.

Defendant's conduct was willful and in bad faith.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO

## UNLAWFUL RETALIATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

40.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

41.

Following Defendant's systematic failure to provide overtime compensation for all hours worked, Plaintiff made a request that she be provided with overtime compensation for the hours she previously worked in excess of forty (40) in the relevant workweeks.

42.

Defendant denied Plaintiff's request for compensation.

43.

Prior to requesting compensation for her unpaid overtime hours, Plaintiff had an exemplary employment record with no write-ups or counselings by Defendant.

44.

Following Plaintiff's request for her unpaid overtime compensation, Plaintiff was unlawfully terminated after almost twenty (20) years of employment for alleged insubordination.

45.

Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

46.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

47.

Defendant is a "person" under the FLSA and was prohibited from discriminating against Plaintiff because she engaged in activity protected under the FLSA.

48.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

49.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

50.

Defendant's violations of the FLSA were willful and in bad faith.

51.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice she believed was unlawful under the FLSA, e.g., by requesting compensation for Defendant's failure to pay her overtime compensation.

52.

Plaintiff suffered an adverse employment action as a result of her statutorily protected conduct, to wit: Defendant terminated Plaintiff after almost two (2) decades of employment, when previously Plaintiff had not received any write-ups or threats of termination.

53.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to terminate Plaintiff.

54.

As a direct and proximate result of the retaliation, Plaintiff has suffered damages including, but not limited to, lost wages and severe emotional distress, for which she is entitled to recover damages from Defendant.

55.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VI.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Grant leave to add additional state and federal law claims if necessary; and,

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 11th day of February, 2016.

                                      **THE MOLDEN LAW FIRM, LLC**

                                      s/Elizabeth L. Brown
                                      Regina S. Molden
                                      Georgia Bar No. 515454
                                      Elizabeth L. Brown
                                      Georgia Bar No. 940372

                                      *Attorney for Plaintiff*

Peachtree Center – Harris Tower
233 Peachtree Street, N.E., Suite 1245
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (*facsimile*)
rmolden@moldenlaw.com
etillery@moldenlaw.com

14

## CERTIFICATION PURSUANT TO L.R. 7.1D

I hereby certify that the foregoing *Complaint for Damages* was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

s/Elizabeth L. Brown
*Counsel for Plaintiff*
